C. W. BLACKMAN, ADMINISTRATOR OF H. M. BLACKMAN, DECEASED; AVIS
McKEE BLACKMAN, WIDOW OF H. M. BLACKMAN, DECEASED; HILTON
REGISTER AND WIFE, NETTIE REGISTER; MAXINE BLACKMAN
KING; CAROLYN BLACKMAN GORE, MINOR; IDA LEE BLACKMAN,
MINOR; MARLENE BLACKMAN, MINOR; AND GAYLE BLACKMAN,
MINOR, SAID MINORS APPEARING BY THEIR NEXT FRIEND AVIS McKEE
BLACKMAN v. LIBERTY LIFE INSURANCE COMPANY, PEOPLES
SAVINGS & LOAN ASSOCIATION, WHITEVILLE, N. C. AND F. M.
SMITH.

(Filed 12 January, 1962.)

**Insurance § 8—**

Demurrer is properly sustained in an action against a loan company and
an insurance company alleging negligent failure to deliver a policy of in-
surance on the life of a borrower, but plaintiff may amend, if he so desires,
to allege an action *ex contractu* for breach of agreement to procure or exe-
cute and deliver such policy, or on the policy upon allegation of delivery
of the policy as security for the loan to the agent of the loan company.

APPEAL by plaintiffs from *Hobgood, J.,* September-October 1961
Term, COLUMBUS Superior Court.

This civil action was instituted by the plaintiffs to recover from the
defendants the sum of $5,000 for "and on account of the negligent
and wrongful acts and omissions of the said defendants Liberty Life
Insurance Company, Peoples Savings & Loan Association, and F. M.
Smith, jointly and concurrently," in failing to deliver a policy of mort-
gage redemption insurance on the life of H. M. Blackman.

The complaint consists of 32 paragraphs and six subparagraphs al-
leging in substance: In June, 1959, H. M. Blackman and wife ap-
plied to Peoples Savings & Loan Association for a loan in the amount
of $5,000. The Loan Association prepared the note and deed of trust
conveying to F. M. Smith, Trustee, certain lands as security for the
note. On June 15, 1959, the Blackmans delivered the deed of trust,
duly executed, which the Association immediately recorded.

As further security for the loan, the Savings Association required
of Mr. Blackman a policy of mortgage redemption insurance on his
life, to be issued by Liberty Life Insurance Company. Throughout the
transaction F. M. Smith was secretary-treasurer and general manager
of the Association. He was also local agent for Liberty Life Insurance
Company. He prepared the application for the insurance, had Mr.
Blackman sign it, and he transmitted it to the insurance company. The
application was duly approved and on July 2, 1959, Liberty Life
Insurance Company sent the policy to Mr. Smith. In the meantime,
the Loan Association set up to the credit of Mr. Blackman $5,000
designated "loan in process." However, from this account the Savings

Association deducted items totaling $55.00 for certain expenditures in connection with the loan, leaving to Mr. Blackman's credit the sum of $4,945.00.

The note and recorded deed of trust on the Blackman home were in the possession of the Savings & Loan Association. Completion of the transaction awaited only the delivery of the $5,000 insurance policy. The Association was designated in the policy as the primary beneficiary, the estate of Mr. Blackman the secondary beneficiary. Under the loan arrangement the borrower was to pay the interest and the insurance premiums to the Savings & Loan Association.

On July 10, 1959, several days after Mr. Smith received the policy, the insured, H. M. Blackman, was killed in an accident. The insurance company refused to pay the policy and the Savings & Loan Association refused to give Mr. Blackman's estate any credit on the note. The foregoing is the substance of the plaintiffs' allegations viewed in the light favorable to them.

Each defendant filed a demurrer upon the ground the complaint did not state a cause of action in tort for the negligent failure to deliver the policy. The court sustained the demurrers but did not dismiss the action. The plaintiffs appealed.

*Edward L. Williamson for plaintiffs' appellants.*

*D. Jack Hooks, Proctor & Proctor, Poisson, Marshall, Barnhill & Williams, By Lonnie B. Williams for defendants appellees.*

HIGGINS, J.   The court properly sustained the demurrers for failure of the complaint to state a cause of action in tort based on the negligent failure to deliver the insurance policy. The cause, however, is still pending. The plaintiffs may amend, and allege and prove, if they can, a cause of action in contract upon the ground the policy of mortgage redemption insurance was duly applied for, issued, and delivered to the Peoples Savings & Loan Association. The Association directed the amount, the type, and the terms of the policy. It selected the insurer with which it had a working arrangement permitting the secretary-treasurer and general manager of the Association to act as a local agent of the insurance company. Both the Association and insurance company may be charged with notice of a possible conflict of interests. When the insurance company sent the policy to Mr. Smith, may either of the defendants be permitted to say Smith received it as local agent but did not receive it as secretary-treasurer and general manager of the Association?

The Savings Association had charge of the Blackman account "in process" from which it had already deducted certain expenses incident

to the loan. The policy provided for payment of the insurance premium along with the interest to the Savings Association. There may or may not be reason why it could not and should not deduct the premium due on the insurance policy in the same manner it had deducted other expenses. The manager of the Savings Association had physical possession of the policy and had access to the Blackman account. Decision on these questions must await the filing of proper pleadings and a hearing on them in the superior court. The plaintiffs may amend if so advised. However, the judgment sustaining the demurrers to the complaint is

Affirmed.